OFFICE OF DISCIPLINARY COUNSEL *v.* WILLIAMS.

[Cite as *Disciplinary Counsel v. Williams* (1997), ___ Ohio St.3d ___.]

*Attorneys at law — Misconduct — Disbarment — Conviction of theft and receiving stolen property — Previous indefinite suspension for conviction of grand theft and forgery.*

(No. 97-1749 — Submitted October 7, 1997 — Decided December 31, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-80.

In May 1995, Barbara J. Graybill, owner of Travel Company of Michigan, d.b.a. Omega Tours, discovered that respondent, Kevin Williams, a.k.a. Kevin Anthony Williams, of Columbus, Ohio, Attorney Registration No. 0040877, whom she had hired as a bookkeeper in July 1994, had embezzled $47,000 from her company. In March 1996, respondent pled guilty and was convicted by the Franklin County Court of Common Pleas of felonies of theft and receiving stolen property. Respondent was sentenced to two and one-half years of imprisonment and ordered to pay restitution.

Relator, Office of Disciplinary Counsel, filed a three-count complaint charging respondent with violations of DR 1-102(A) (3)(engaging in conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (engaging in conduct that adversely reflects upon the fitness to practice law). After respondent answered, a panel of the Board of Commissioners on Grievances and Discipline ("board") heard the matter and found the facts as alleged in relator's complaint. The panel also found that in 1991 respondent was convicted of grand theft and forgery while employed by a law firm in Norwalk, Ohio, and sentenced to five

years' probation. As a result, we indefinitely suspended respondent in 1993 from the practice of law. *Disciplinary Counsel v. Williams* (1993), 66 Ohio St.3d 41, 607 N.E.2d 832. The panel concluded that respondent had violated the Disciplinary Rules as charged.

Respondent offered in mitigation that the theft was due to manipulation by and demands of his wife and family. However, respondent had previously told the common pleas court in mitigation that he stole the money for the purpose of completing a sex change from female to male, which had been only partially accomplished. The panel recommended that respondent be disbarred. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Harald F. Craig III,* Assistant Disciplinary Counsel, for relator.

*Kevin A. Williams, pro se.*

_____

***Per Curiam***. In 1993, we indefinitely suspended respondent who, diagnosed as suffering from gender dysphoria, explained that the theft from the law firm was for the purpose of obtaining funds to complete a sex change by phalloplastic surgery, a very expensive procedure. Respondent attributed the criminal conduct at that time to psychological turmoil caused by the inability to complete the sex change and low self-esteem as a husband and provider.

Respondent now offers the same reasons in mitigation for the theft from Omega Tours in 1995. As Disciplinary Counsel noted to the panel, respondent was given a second chance in 1991 and before completing the probation period again committed virtually the same crime for the same reasons. Respondent has

2

clearly violated the Disciplinary Rules as charged in the complaint. Respondent is hereby disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.